## Case No. 8,427.

### LLADO v. The TRITONE.

[8 Reporter, 165.] [1]

Circuit Court, S. D. New York. June 23, 1879.

EVIDENCE—NEGLIGENCE—STOWAGE OF FREIGHT—DELIVERY BOOKS—TESTIMONY OF CREW—CONDITION OF FREIGHT—RECEIPTS OF VESSEL.

1. The delivery books of a cargo showed that a large amount of lead was taken out before certain corks which were injured. *Held*, that the books were to be relied on rather than the testimony of the crew to the contrary.

2. In the absence of proof to the contrary, the receipt of the vessel for the freight in good order will make a prima facie case against the vessel.

[Appeal from the district court of the United States for the Southern district of New York.]

August 23, 1872, A. G. Boye & Co. shipped on board the barque Tritone thirty-one bales of cork, in good order, to be carried to New York, and there delivered in like good order and condition to the libellants. Some lead was stowed on top of the corks, and in this way a part of the corks were flattened and pressed out of shape, so as to render them unfit for use. Action was brought and judgment given against the vessel.

WAITE, Circuit Justice. I entertain no doubt whatever, from the evidence, that the flattening of the corks which is complained of was caused alone by the improper stowage of the cargo. The cargo consisted in part of over 6,000 pigs of lead, weighing more than 500 tons. In discharging it is apparent that more than one-half of the lead came out before any considerable part of the corks. I am aware that most of the witnesses for the vessel testified to the contrary, but the delivery books show that they must be mistaken. This being so, it is clear that some of the lead must have been stowed on top of the corks. The port warden who surveyed the cargo as it was discharged testifies to that effect, and in his certificate, made at the time, he states that the cork in a few bales were slightly flattened from the rocking and pressure of the cargo. The testimony on the part of the vessel is of such a character as not to be entitled to confidence. At any rate, inasmuch as no evidence has been given to show that the corks were in bad order when shipped, I am clear that the vessel has done nothing to overcome the prima facie case made against her by her receipt for the prop-

erty in good order. It follows that the judgment of the district court was right. Judgment affirmed.

LLEWELLYN (JONES v.). See Case No. 7,-477.

## Case No. 8,428.

### LLEWELLYN et al. v. TWO ANCHORS AND CHAINS.

[1 Ben. 80.] [1]

District Court, E. D. New York. Oct., 1866.

SALVAGE—DERELICT—THE WHOLE VALUE DECREED.

In a case of derelict property, of small value, notice of the proceedings having been brought home to the owners of it, who failed to appear in the suit and had expressly abandoned the property to the libellants, the court awarded the whole balance ($107) to the salvors after payment of costs.

[Cited in The Carl Schurz, Case No. 2,414.]

[This was a libel in rem by John Llewellyn and others against two anchors and chains.]

Mr. Goodrich, for libellants.

BENEDICT, District Judge. This is a case of salvage of two derelict anchors and chains of no great value. Although actual notice of the proceeding is brought home to the owners of the property, no appearance is entered for any claimant, and the proofs disclose that the owners in express terms abandoned the property to the libellants. In such a case the balance of the whole proceeds, after payment of the costs, may be awarded to the salvors, by whose exertions the property was saved. The William Hamilton, 3 Hagg. 43. Let a decree be entered awarding to the libellants the whole proceeds in court ($107), after deducting the costs.